## SLEEPER & a. v. ABBOTT & a.

Confidential communications between attorney and client are not to be revealed by the attorney; but the privilege is that of the client and not of the attorney, and may be waived.

ASSUMPSIT, on a promissory note. The evidence tended to show that one M., agent of the plaintiffs, had a conversation with one H., an attorney residing in Vermont, in relation to the plaintiffs' claim. H. was called as a witness by the defendants, and testified, without objection, to conversations with M. in reference to the payment of the note by one G., who was principal upon the note. Whether H. acted as counsel for M., or for the plaintiffs, did not distinctly appear. Counsel upon both sides commented in argument to the jury upon the conduct of H. in testifying to the statements of M.;—and the court instructed the jury that if H. was consulted as counsel for M. or for the plaintiffs, it was his privilege to refuse to testify as to what he learned when so consulted, and that it was his duty to insist upon his privilege; that if he was so consulted, the jury, in determining what weight they should give to his testimony, might take into account the fact that he had not declined to testify to such conversations; and that if he was not consulted as counsel, or did not understand that he was, he had the same right to testify to what M. said as any other witness would have had. To these instructions the defendants excepted. Verdict for the plaintiffs, and motion by the defendants for a new trial.

*Ray, Drew & Jordan*, for the defendants.

*B. F. Whidden* and *W. S. Ladd*, for the plaintiffs.

SMITH, J.   If H. was counsel for the plaintiffs at the time of his conversation with M., he would not, without their consent, be allowed to testify to communications made to him during such an interview.   The privilege of not being examined to such points as are communicated to him while engaged in his professional capacity, is the privilege of the client and not of the attorney.   1 Phil. Evid. 108; 1 Greenl. Evid., *s.* 243.   It is a rule for the protection of the client, that he may present his case to his counsel in the fullest confidence.   If the client waive the privilege, the attorney may testify; otherwise it never ceases.   1 Phil. Evid. 108; 1 Greenl. Evid., *s.* 243; *Bacon* v. *Frisbie*, 80 N. Y. 394;—see, also, notes to same case in 36 Am. Rep. 631–633.   As H. testified without objection from the plaintiffs, he might have presumed their consent.   Testifying by their consent, he was not open to censure or reproach for so doing, and there was nothing on that account to affect his credibility as a witness.   It is claimed that the plaintiffs did not know that H. had been consulted by M., and did not learn the fact until it was drawn out on cross-examination, and therefore that H. had no ground for presuming their consent to his testifying.   This would be so if H. knew that the plaintiffs were ignorant of the fact that he had been consulted; but if he did not know it, he might have inferred, from their not objecting, that the plaintiffs were willing he should testify.   The instructions on this branch of the case were wrong, and for this reason the verdict must be set aside.

The exceptions to the refusal to instruct, and to the instructions given in regard to the liability of Barron, one of the defendants, are overruled.   The case in this respect is similar to *Wagner* v. *Freschl*, 56 N. H. 495, and *Bank* v. *Rider*, 58 N. H. 512, and is governed by those cases.

*New trial granted.*

STANLEY, J., did not sit: the others concurred.